UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Island Film, S.A. )<br>)<br>             Plaintiff, )<br>   v. )<br>)<br>)<br>)<br>Department of the Treasury )<br>)<br>             Defendant. )<br>) | Civil Action No. 1:08-cv-00286 (RWR)<br>(ECF) |

## MOTION TO EXTEND TIME TO FILE ANSWER OR OTHERWISE RESPOND

Defendant, U.S. Department of the Treasury (Treasury), by and through undersigned counsel, hereby moves for a 90-day extension of time to file its answer or otherwise respond to Plaintiff's complaint, through and including July 7, 2008.  Good cause exists to grant this motion.

    1.  Defendant's response to Plaintiff's complaint is due on April 7, 2008.

    2.  Defendant requires additional time to file a response. Undersigned counsel has been advised by Treasury that the Freedom of Information Act (FOIA) request is still being processed and  responsive information is forthcoming. However, additional time will be required, as plaintiff is seeking correspondence documents involving several components of the Office of Foreign Assets Control (OFAC) that require additional time to process. (See  Exhibit 1 decl of Virginia R. Canter ¶12-16). OFAC procedures in responding to FOIA requests provide for multiple levels of review. (See Id ¶13).  Additionally,  OFAC is currently engaged in time-consuming pending FOIA litigation requiring a substantial amount of the office staff's time. (See Id ¶ 17-19).  Therefore, this extension is necessary to enable Defendant to process the materials,

make appropriate redactions, and forward them to plaintiff in order to possibly avoid further litigation.

3. Specifically, by letter dated January 16, 2008, Treasury informed Plaintiff that Defendant was experiencing a substantial backlog of FOIA requests. (See declaration of Virginia Canter Exhibit F) . Treasury estimates that it will require some time within 90 days to complete the process. (See Id ¶16).

4. Undersigned counsel has conferred with plaintiff's counsel pursuant to Local Rule 7(m) and Plaintiff counsel does not objected to any enlargement of time.

5. This is the first request made for an extension of the response deadline.

WHEREFORE, Defendants request that this enlargement be granted, and that the date for the response to the complaint be extended to July 7, 2008.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


_____/s/_____
Raymond A. Martinez, TX Bar No. 13144015
Special Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 514-9150

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2008, I filed the foregoing *Motion to Extend Time* by electronic filing with the Court and caused to be served on Plaintiff's counsel Peter S. Herrick, postage prepaid, addressed as follows:

Peter S. Herrick
3520 Crystal View Court
Miami, Florida 33133
Tel: 305-858-2332
Fax: 305-858-6347
e-mail pherrick@bellsouth.net

        /s/
Raymond A. Martinez
Special Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, D.C. 20530
(202) 514-9150
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISLAND FILM, S.A.                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )   Civil Action No. 1:08-CV-00286(RWR)
                                  )   (ECF)
UNITED STATES DEPARTMENT          )
OF THE TREASURY                   )
                                  )
            Defendant.            )
_____ )

### DECLARATION OF VIRGINIA R. CANTER

I, Virginia R. Canter, pursuant to 28 U.S.C. § 1746, do declare:

1. I am the Associate Director, Office of Resource Management, of the U.S. Department of the Treasury's ("Treasury") Office of Foreign Assets Control ("OFAC"). I have served in this position since May 29, 2005. Generally, my duties include administering, developing, and managing programs that provide the necessary communication, management support, and resources for conducting OFAC's mission. The programs include records and forms management, Privacy Act and Freedom of Information Act ("FOIA") administration, information technology design, logistics and facilities management, human resource management, procurement, strategic planning, and impact assessment. Therefore, my duties include supervisory responsibility for OFAC's processing of FOIA requests.

2. Because of the nature of my official duties, I am familiar with the procedures followed by OFAC in responding to FOIA requests, as well as the organizational structure of OFAC. I am also familiar with OFAC's processing of plaintiff Island Film S.A.'s ("Island Film") FOIA request.

1



3. The statements made in this declaration are based upon information within my personal knowledge or made available to me in the performance of my official duties.

4. I have been made aware of the Complaint filed in this action by Island Film. This declaration is made in connection with Defendants' Motion to Extend Time to File Answer or Otherwise Respond.

I. FACTUAL BACKGROUND OF PLAINTIFF'S FOIA REQUEST

A. Plaintiff's FOIA Request

5. By letter dated October 31, 2007, plaintiff submitted a FOIA request to OFAC that sought all of the records relating OFAC's reference C-212505; the company Island Film located in Havana, Cuba; and the blocking of $30,000 that was wired from Australia to Island Film, *see* Exhibit A. The requester agreed in advance to pay for reasonable search and copy charges. *See id.*

B. Correspondence between Treasury and Plaintiff in Response to Plaintiff's FOIA Request

6. By letter dated November 5, 2007, Treasury's Disclosure Services acknowledged receipt of plaintiff's October 31, 2007, request. The letter requested an agreement from plaintiff to pay review, search and duplication fees. *See* Exhibit B.

7. In a letter dated November 28, 2007, plaintiff submitted an appeal of its October 31, 2007, FOIA request to OFAC. *See* Exhibit C.

8. In a letter dated December 10, 2007, plaintiff responded to Disclosure Services' November 5, 2007, acknowledgement letter, indicating a willingness to pay fees up to $50. *See* Exhibit D.

9. In a letter dated January 2, 2008, plaintiff stated its intent to commence litigation in the event plaintiff does not receive the requested records no later than Monday, January 7, 2008. *See* Exhibit E.

10. By letter dated January 16, 2008, Disclosure Services responded to plaintiff's December 10, 2007, letter indicating plaintiff's willingness to pay fees up to $50. *See* Exhibit F. The letter noted that the office to which the FOIA was assigned for processing (*i.e.*, OFAC) was experiencing a substantial backlog of FOIA requests and could not meet processing time limits. *See id.* On January 18, 2008, the Disclosure Services Division assigned the FOIA request to OFAC, and OFAC entered the request into its records management system.

11. By letter dated January 18, 2008, Disclosure Services responded to plaintiff's November 28, 2007, appeal, informing plaintiff that the appeal was premature and no action on it could be taken until an initial determination in response to the FOIA request of October 31, 2007, has been made. *See* Exhibit G.

## II. PROCESSING PLAINTIFF'S FOIA REQUEST

12. On January 24, 2008, OFAC commenced its search for records responsive to plaintiff's FOIA request. Because of the records sought, OFAC sent its search request for responsive records to several components within OFAC.

13. OFAC procedures in responding to FOIA requests provide for multiple levels of review. An initial reviewer processes FOIA cases, reviewing all responsive records, page by page, for exempt material pursuant to the FOIA; making redactions; annotating the appropriate FOIA exemptions; and considering whether any referrals to third-party agencies are required. The proposed processing subsequently undergoes review by OFAC's Assistant Director, Disclosure Services, Office of Resource Management; frequently by the Assistant Director, or their designee, of a division that provided responsive material; and an attorney from the Office of the Chief Counsel (Foreign Assets Control). Reviewers typically conduct a page-by-page review of responsive material to ensure that any appropriate FOIA exemptions were asserted and any appropriate referrals were made to third-party agencies.

14. Following internal review, I conduct a final review and sign OFAC's response to the FOIA requester.

15. As of the date of this Declaration, plaintiff's FOIA request is in the initial stage of review.

16. In light of OFAC FOIA staff's current obligations, as further described in paragraphs 17-19 below, OFAC anticipates that review and release of these documents will take no more than 90 days.

III. PENDING FOIA LITIGATION

17. In addition to the substantial backlog of FOIA requests requiring processing by the group under my supervision, I, the Assistant Director for Disclosure Services, and our staff are also actively engaged in time-consuming pending FOIA litigation.

18. In particular, I, the Assistant Director for Disclosure Services, and our staff have devoted a substantial portion of our time, including over-time, over the last three months working on OFAC's responses in two litigation matters that recently had significant deadlines.

19. I, the Assistant Director for Disclosure Services, and our staff have over the past three weeks been working nearly full time and continue to work on OFAC's response in these litigation matters.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April __1__, 2008.

                                                                                 _____
                                                                                 VIRGINIA R. CANTER
                                                                                 Associate Director
                                                                                 Office of Resource Management
                                                                                 Office of Foreign Assets Control
                                                                                 Department of the Treasury

Exhibit A

# PETER S. HERRICK, P.A.
## ATTORNEYS AT LAW

MAIL TO:
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Of Counsel: Roy Leon

301 East Ocean Blvd.
Suite 530
Long Beach, CA 90802
Tel. 562-628-2355
Email: pherrick@bellsouth.net
Web: CustomsLawyer.Net

October 31, 2007

TELECOPY ONLY (202-622-0447)

FREEDOM OF INFORMATION ACT

Licensing Division
Office of Foreign Assets Control
U S Department of the Treasury
1500 Pennsylvania Avenue NW
Washington DC 20220

Re:   Requester: Island Film/Cuba
      Your Ref. C-212505

Dear Sir/Madam:

This is a request for records, including electronic records such as emails, filed under the Freedom of Information Act, 5 U.S.C. §552, *et seq*. We request all of the records relating to your ref. C-212505; the company Island Film located in Havana, Cuba; and; the blocking of $30,000 that was wired from Australia to Island Film.

We request the records be made available within the time prescribed by law. The requester agrees in advance to pay for reasonable search and copy charges.

Sincerely,

Peter S. Herrick

Exhibit B



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

November 5, 2007

RE: 2007-11-063

Mr. Peter S. Herrick, P.A.
Attorneys At Law
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

Your Freedom of Information Act (FOIA) request dated October 31, 2007, was received by this office on November 29, 2007.

In order to process your FOIA request, we will need an agreement from you to pay review fees in addition to search and duplication fees already agreed upon, might be incurred in the processing of your request. You may specify an upper limit (which may not be less than $25) on the amount you are willing to pay and request that you be notified if the fees are expected to exceed that amount.

When replying to this office, please make reference to the identification number at the top of this letter and either fax your response to 202-622-3895, or mail it to:

>  FOIA/PA Request
>  Disclosure Services
>  Department of the Treasury
>  Washington, DC 20220

If we do not hear from you within 30 days from the date of this letter, we will conclude you are not interested in pursuing your request for records and your file will be closed.

Sincerely,

*Michelle Henshaw*
for/ Dale Underwood
Deputy Director, Disclosure Services

Exhibit C

# PETER S. HERRICK, P.A.
## ATTORNEYS AT LAW

MAIL TO:
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Of Counsel: Roy Leon

301 East Ocean Blvd.
Suite 530
Long Beach, CA 90802
Tel. 562-628-2355
Email: pherrick@bellsouth.net
Web: CustomsLawyer.Net

November 28, 2007

TELECOPY ONLY (202-622-0447)

FREEDOM OF INFORMATION ACT APPEAL

Licensing Division
Office of Foreign Assets Control
U S Department of the Treasury
1500 Pennsylvania Avenue NW
Washington DC 20220

Re:   Requester: Island Film/Cuba
      Your Ref. C-212505

Dear Sir/Madam:

   This is an appeal filed under the Freedom of Information Act, 5 U.S.C. §552, et seq. for your agency's failure to timely respond to our request for records dated October 31, 2007, copy enclosed.

Sincerely,

Peter S. Herrick

Exhibit D

# PETER S. HERRICK, P.A.
## ATTORNEYS AT LAW

MAIL TO:
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Of Counsel: Roy Leon

301 East Ocean Blvd.
Suite 530
Long Beach, CA 90802
Tel. 562-628-2355
Email: pherrick@bellsouth.net
Web: CustomsLawyer.Net

December 10, 2007

<u>TELECOPY ONLY (202-622-3895</u>

<u>FREEDOM OF INFORMATION ACT</u>

Dale Underwood
Deputy Director, Disclosure Services
FOIA/PA Request
Disclosure Services
Department of the Treasury
Washington, DC 20220

Re:  Requester: Island Film/Cuba
     Your Ref. C-212505 & 2007-11-063

Dear Mr. Underwood:

    First, we are dismayed that it took 29 days for our October 31st request to reach your office. Second, in response to your letter of November 5, 2007 (sic) to my office, we agreed in the October 31st letter to pay for reasonable search and copy charges as required by the statute. Nevertheless, we agree to pay fees up to $50 and we request to be promptly notified if the fees will exceed this amount.

Sincerely,

Peter S. Herrick

Exhibit E

# PETER S. HERRICK, P.A.
## ATTORNEYS AT LAW

**MAIL TO:**
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Of Counsel: Roy Leon

301 East Ocean Blvd.
Suite 530
Long Beach, CA 90802
Tel. 562-628-2355
Email: pherrick@bellsouth.net
Web: CustomsLawyer.Net

January 2, 2008

TELECOPY ONLY (202-622-3895)

FREEDOM OF INFORMATION ACT

Dale Underwood
Deputy Director, Disclosure Services
FOIA/PA Request
Disclosure Services
Department of the Treasury
Washington, DC 20220

Re:  Requester: Island Film/Cuba
     Your Ref. C-212505 & 2007-11-063

Dear Mr. Underwood:

    Since we filed an appeal in this case, copy enclosed, and since the 20 day request and 20 day appeal periods have expired this matter is ripe for FOIA litigation. We call to your attention that the Open Government Act of 2007 was signed into law on December 31, 2007 amending the Freedom of Information Act. This law clarifies that the 20 day response and appeal periods begin upon receipt of the request and/or appeal and a failure to comply within the 20 days prevents assertion of section 552(b) exemptions.

    As for FOIA litigation the "catalyst theory" is back in play for attorney fee awards. As to this appeal we request the records be made available no later than Monday, January 7, 2008. If we do not receive the records we will commence litigation.

Sincerely,

Peter S. Herrick

Enclosure

Exhibit F

January 16, 2008

RE: 2007-11-063

Mr. Peter S. Herrick, P.A.
Attorneys At Law
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

This concerns your follow up letter dated December 10, 2007, clarifying your agreement to pay fees that might be incurred in the processing of your October 31, 2007, Freedom of Information Act (FOIA) request which was received in this office on January 14, 2008.

The office to which your request has been assigned is experiencing a substantial backlog of FOIA requests and cannot meet the normal time limits. They have established an orderly procedure for responding to requests, which is on a first-in, first-out basis. Be assured that your request will be answered as soon as possible.

As indicated in the statute, commercial requesters are required to pay search, **review** and duplications fees. You will be advised when the fees are expected to exceed the $50.00 limit you agreed to pay.

Further inquiries concerning your request should make reference to the identification number at the top of this letter and should be faxed to 202-622-3895, or mailed to:

> FOIA/PA Request
> Disclosure Services
> Department of the Treasury
> Washington, DC  20220

Sincerely,

Hugh Gilmore
Director, Disclosure Services

Exhibit G

January 18, 2008

RE: 2007-11-063

Mr. Peter Herrick
Peter S. Herrick, P.A.
Attorneys At Law
3520 Crystal View Court
Miami, FL 33133

Dear Mr. Herrick:

Your letter of November 28, 2007, appealing the Treasury Department's failure to timely respond to your October 31, 2007, Freedom of Information Act (FOIA) request within the guidelines of the statute; has been received in the office.

Treasury regulations provide that a requester may appeal when:
- Access to records has been denied in whole or in part;
- There has been an adverse determination of the requester's category
- A request for fee waiver or reduction has been denied;
- It has been determined that no responsive records exist; or
- A request for expedited processing has been denied.

We have found that no determination has been rendered by the Department with respect to your FOIA request of October 31, 2007. Consequently, your appeal is premature and no action on it can be taken until an initial determination has been made.

We are also in receipt of your letter dated January 2, 2008, advising that you will commence litigation if the records you are seeking are not available by Monday, January 7, 2008.

Sincerely,

Hugh Gilmore
Director, Disclosure Services