IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISLAND FILM, S.A., ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 08-000286(RWR) |
| v. ) | |
| ) | |
| DEPARTMENT OF THE TREASURY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S ANSWER

Defendant, Department of the Treasury, by and through its undersigned attorneys, hereby answers Plaintiff's complaint upon information and belief as follows.

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff has failed to exhaust administrative remedies.[1]

### Third Defense

Defendant reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

---

[1] Plaintiff has not paid fees as required by 5 U.S.C. §§ 552(a)(3)(A) and (a)(4)(A) and Treasury's implementing regulations at 31 C.F.R. §1.7, and as of August 2, 2008, questioned whether it will do so given dissatisfaction with the production and an allegation that Defendant unlawfully obtained documents by hacking into the computer of Plaintiff's attorney and improperly accessing Plaintiff's files. Defendant avers that the allegations are not only without merit but also outside the scope of any waiver of immunity to suit afforded by the FOIA.

**Fourth Defense**

In response to the numbered paragraphs of Plaintiff's Complaint, Defendant admits, denies or otherwise states as follows:

1. This paragraph sets forth Plaintiff's characterization of its Complaint to which no response is required; to the extent a response is deemed required, Defendant denies that it has improperly withheld documents from Plaintiff or otherwise violated the Freedom of Information Act, 5 U.S.C. § 552.

2. This paragraph sets forth Plaintiff's characterization of the Court's jurisdiction in this action and conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, Defendant denies.

3. Upon information and belief, Defendant admits.

4. Defendant admits that OFAC is a part of the Department of the Treasury but denies that OFAC is an "agency." OFAC is an office within Treasury's Office of Terrorism and Financial Intelligence.

5. Admit in part and deny in part. Peter Herrick, on behalf of Island Film, sent to OFAC's Licensing Division a letter dated October 31, 2007, stating that the request was pursuant to the FOIA and seeking records related to an internal OFAC file tracking number (C-212505); the company Island Film; and the blocking of $30,000 wired to Island Film. Defendant denies any allegation that funds were confiscated.

6. Admit.

7. Admit in part and deny in part. Defendant admits that Plaintiff agreed in its October 31, 2007, letter to pay for reasonable search and copy charges. Defendant denies any

allegation that it demanded an agreement to pay fees up to $50. In an acknowledgment letter to Plaintiff dated November 5, 2007 (*sic*),[2] Treasury's Disclosure Services notified Plaintiff that the FOIA request dated October 31, 2007, was received by that office on November 29, 2007, and that in order to process the request, Treasury would need an agreement to pay review fees in addition to search and duplication fees. The letter informed Plaintiff that it may specify an upper limit (which may not be less than $25) on the amount that Plaintiff is willing to pay and may request that it be notified if the fees are expected to exceed that amount.

    8.    Admit.

    9.    Admit.

    10.    Admit.

    11.    Admit.

    12.    Admit in part and deny in part. Defendant admits that Plaintiff sent Treasury's Disclosure Services a letter dated January 2, 2008. Defendant denies that the letter constituted an appeal; the letter referred to the earlier filing of an appeal and threatened litigation.

    13.    Admit in part and deny in part. Admit as of the date of the Complaint, February 19, 2008. Deny as of the date of filing this Answer. OFAC mailed responsive records releasable in whole or in part to Plaintiff via FedEx on July 3, 2008.

    14.    This paragraph sets forth conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, Defendant denies.

    15.    Deny.

---

[2] The reference to November was a typo; the letter postdated the November 29 receipt of the FOIA request and therefore should have been dated December 5, 2007.

The remainder of Plaintiff's complaint contains Plaintiff's request for relief, to which no response is required. To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Defendant denies each and every allegation in the complaint that it has not expressly admitted or to which it has not responded that it has insufficient information to admit or deny the allegations.

WHEREFORE, having fully answered, Defendant respectfully requests this Court to enter judgment in Defendant's favor, dismiss Plaintiff's complaint in its entirety with prejudice, and grant Defendant costs, and such additional relief as the Court may deem appropriate.

Date: August 4, 2008

Respectfully Submitted,

/s/ Jeffrey A. Taylor /kvm
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras /kvm
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

|  |  |
|---|---|
|  | /s/ Beverly M. Russell |
|  | _____ |
| Of Counsel: | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Jennifer Hershfang, Esq. | Assistant United States Attorney |
| Department of the Treasury | U.S. Attorney's Office for the District |
|  |  of Columbia, Civil Division |
|  | 555 4th Street, N.W., Rm. E-4915 |
|  | Washington, D.C. 20530 |
|  | Ph:  (202) 307-0492 |
|  | Fax: (202) 514-8780 |
|  | E-Mail: beverly.russell@usdoj.gov |