UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
ISLAND FILM, S.A.,              )
                                )
          Plaintiff,            )
                                )
     v.                         )     Civil Action No. 08-286 (RWR)
                                )
DEPARTMENT OF THE TREASURY,     )
                                )
          Defendant.            )
_____)
```

<u>MEMORANDUM ORDER</u>

Plaintiff Island Film, S.A. brings this action under the
Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging
the Department of the Treasury's response to a request for
records relating to the Office of Foreign Assets Control's
decision to block Island Film from receiving $30,000 in Cuba.
Island Film challenges withholdings and redactions that Treasury
has made under various FOIA exemptions, and the parties have
filed cross-motions for summary judgment. Treasury argues in
part that it is entitled to fees from Island Film, and that
Island Film has not exhausted its administrative remedies because
it has failed to pay those fees.

The FOIA requires agencies to promulgate regulations that
set a schedule for fees for "document search, duplication, and
review, when records are requested for commercial use[.]" 5
U.S.C. § 552(a)(4)(A)(ii)(I). Treasury's regulations provide

that commercial use requesters "are assessed charges which
recover the full direct costs of searching for, reviewing, and
duplicating the records sought[,]" and Treasury "may recover the
cost of searching for and reviewing records even if there is
ultimately no disclosure of records[.]" 31 C.F.R. § 1.7(a)(1).
A commercial requester is not required to pay these charges if
"disclosure of the information is in the public interest because
it is likely to contribute significantly to public understanding
of the operations or activities of the government and is not
primarily in the commercial interest of the requester." 5 U.S.C.
§ 552(a)(4)(A)(iii). Treasury's regulations provide that an
appropriate Treasury official will determine whether to grant a
fee reduction or waiver, but only if "the initial request
includes a request for reduction or waiver of fees[.]" 31 C.F.R.
§ 1.7(b).

Paying fees, receiving a waiver, or appealing a refusal to
waive fees is necessary for a plaintiff to exhaust administrative
remedies. See Maydak v. U.S. Dep't of Justice, 254 F. Supp. 2d
23, 50 (D.D.C. 2003). Exhaustion of administrative remedies is
generally a prerequisite to judicial review of an agency response
to a FOIA request. Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir.
2004) (noting that exhaustion of a FOIA request is a
jurisprudential doctrine, not jurisdictional). "[W]hether the
plaintiff 'filed' suit before or after receiving a request for

payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant." Trueblood v. U.S. Dep't of Treasury, IRS, 943 F. Supp. 64, 68 (D.D.C. 1996).

Here, Treasury determined that Island Film is a commercial requester, and Treasury calculated under its regulations that Island Film owed $1,267.02 in fees to cover the costs of searching and reviewing records, and for duplicating the documents that Treasury disclosed. (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem."), Canter Decl. ¶¶ 12, 36-37.) Island Film has not paid those fees, nor has it sought a fee waiver. (Id. ¶ 40.) Island Film justifies its nonpayment on the ground that "[s]ince [Treasury] has withheld 85 pages and extensively redacted other document[s, the] question is what would the plaintiff be paying for." (Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross-Mot. for Summ. J. at 6.) Island Film states that it "will await the Court's decision on this issue." (Id.)

That Treasury withheld and redacted responsive documents under various FOIA Exemptions has no bearing on Island Film's obligation to pay fees as a commercial requester. See 31 C.F.R. § 1.7(a)(1). Because it has not paid, committed to paying, or sought a waiver of the $1,267.02 in fees, Island Film has not

exhausted its administrative remedies.[1]  See <u>Antonelli v. Bureau</u>

<u>of Alcohol, Tobacco, Firearms & Explosives</u>, Civil Action No. 04-

1180 (CKK), 2005 WL 3276222, at *8 (finding that plaintiff failed

to exhaust his administrative remedies under the FOIA where he

---

[1] Indeed, an agency may "require advance payment of any fee
. . . that . . . exceed[s] $250[,]" 5 U.S.C. § 552(a)(4)(A)(v),
in which case a plaintiff will not be deemed to have exhausted
its administrative remedies until it pays that fee.  <u>See</u>
<u>Trueblood</u>, 943 F. Supp. at 68.  One purpose of conditioning a
plaintiff's exhaustion of administrative remedies on advance
payment of the fee in such a situation is to prevent the agency
from "'bankrolling search and review[,] and duplicating
expenses'" when "'there would never be any assurance whatsoever
that payment would ever be made once the requesters had the
documents in their hands.'"  <u>Id.</u> (quoting <u>Strout v. U.S. Parole</u>
<u>Comm'n</u>, 842 F. Supp. 948, 951 (E.D. Mich. 1994).

However, it would be similarly unfair if an agency --
without first providing to the plaintiff a cost estimate -- could
conduct an expensive search while requiring the plaintiff to pay
the ultimate cost no matter how expensive the search proved to
be.  That an agency must estimate the costs of a search and that
a plaintiff must pay, commit to pay, or seek a waiver of the
search fee prior to the agency undertaking the search, <u>see</u>
<u>Oglesby v. U.S. Dep't of Army</u>, 920 F.2d 57, 66 (D.C. Cir. 1990),
ensures that an agency does not force a plaintiff to pay fees it
does not wish to incur and provides the parties an opportunity to
negotiate a mutually agreeable scope for any search.  Without
acknowledging these concerns, Treasury, citing <u>Trueblood</u>, 943 F.
Supp. at 68, requests that Island Film be ordered to pay the fees
Treasury incurred by conducting the search before Island Film
paid or committed to paying those fees.  (<u>See</u> Def.'s Mem. at 35.)
<u>Trueblood</u>, however, does not provide authority for ordering a
plaintiff to pay fees incurred by an agency that has conducted a
search and produced documents to the plaintiff before the
plaintiff paid or committed to paying the requisite fees.
Rather, <u>Trueblood</u> held that an agency merely was not obligated to
turn over requested documents until the plaintiff paid the fee.
943 F. Supp. at 69.  Because Treasury has already turned over the
requested documents, <u>Trueblood</u> is inapposite here, and Treasury's
request to order the plaintiff to pay the fees will be denied.

justified his refusal to pay the assessed search fee on the ground that the price was "extravagant"). Therefore, Island Film is not entitled at this time to judicial review of its claims that Treasury improperly withheld and redacted records under various FOIA exemptions. However, because Island Film's opposition states that it may be willing to pay the assessed fees, dismissing Island Film's complaint would be premature before providing Island Film an opportunity to pay or commit to paying the fees. Accordingly, it is hereby

ORDERED that the parties' cross motions [11, 12] for summary judgment be, and hereby are, DENIED without prejudice. It is further

ORDERED that the parties file by April 8, 2011 a proposed order and joint status report stating whether Island Film has paid or committed to paying the assessed fees. If appropriate, by that deadline the parties may move to reinstate their cross-motions for summary judgment or propose a schedule by which the case should proceed.

SIGNED this 9th day of March, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge